IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DISTRICT

| | |
|---|---|
| WHITLEY DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>ETHICA HEALTHCARE, d/b/a TRADITIONS HEALTH & REHABILITATION CENTER, LLC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Whitley Davis ("Plaintiff" or "Ms. Davis"), by and through her undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5(f), and 29 U.S.C. § 2617(2)(a).

1

2.

Defendant Ethica Healthcare, d/b/a Traditions Health & Rehabilitation Center, LLC ("Defendant" or "Traditions Health") does business in this judicial district. Additionally, the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this district.

## ADMINISTRATIVE PROCEDURES

3.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed a charge of discrimination with the EEOC on March 7, 2019; the EEOC issued its Notice of Right to Sue on July 17, 2019.

4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to their corporate Registered Agent, Kim Hodges, at 1005 Boulder Drive, Gray, GA 31032.

8.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under Title VII at 42 U.S.C. § 2000e(f).

9.

Defendant is now and, at all times relevant hereto, has been a domestic profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title in accordance with 42 U.S.C. § 2000e(b).

## **FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about April 10 2017, as a Dietary Aid.

11.

In the summer of 2018 Plaintiff became pregnant.

12.

On or about November 30, 2018, due to complications related to her pregnancy, Plaintiff was placed on light duty.

13.

Plaintiff's restrictions included not lifting more than 20 pounds, limited bending and lifting, and occasional breaks.

14.

When Plaintiff provided the light-duty request from her doctor to her supervisor, Vinnette Walker, Ms. Walker claimed that there was not any light duty in the kitchen and instructed Plaintiff to speak to the Administrator, Paula Paul, to be assigned to another position in the building.

15.

In response to receiving the light duty request from Plaintiff, Ms. Paul stated that Defendant did not have to honor the light duty request.

16.

Plaintiff thereafter called the corporate office and was told that she was being removed from the schedule because she was a liability.

17.

Plaintiff was approximately six months pregnant at the time, and otherwise able to work with a reasonable accommodation.

18.

Defendant forced Plaintiff to take unpaid medical leave, effectively terminated Plaintiff's employment as a result of her pregnancy status.

19.

Defendant failed to engage in any interactive process with Plaintiff regarding her request for reasonable accommodations of her pregnancy-related status, although doing so would not have been an undue hardship.

20.

Others outside of Plaintiff's protected class were treated differently.

## COUNT I:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

23.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

24.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her pregnancy.

25.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made victims of acts that have adversely affected her psychological and physical well-being.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

29.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

30.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

31.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

32.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

33.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Defendant's actions, as detailed above, in forcing Plaintiff to take unpaid medical leave, effectively terminating Plaintiff's employment because of her protected activity, constitutes unlawful intentional retaliation in violation of Title VII.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

37.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 11th day of October, 2019.

**BARRETT & FARAHANY**

 /s/ *Calvin W. Blackburn III*
Calvin W. Blackburn III
Georgia Bar No. 196674

*Attorneys for Whitley Davis*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
calvin@justiceatwork.com