## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WHITLEY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:19-cv-04587 (AT) |
| | ) | |
| ETHICA HEALTHCARE d/b/a | ) | |
| TRADITIONS HEALTH & | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

COMES NOW Defendant, TRADITIONS HEALTH & REHABILITATION CENTER, LLC (hereinafter "Defendant"), by[1] and through counsel, Constangy, Brooks, Smith & Prophete, LLP, and makes its Answer ("Answer") to the Plaintiff's Complaint ("Complaint") herein as follows:

### FIRST DEFENSE

Defendant responds to the numbered paragraphs in the Complaint as follows:

### JURISDICTION AND VENUE

---

[1] Plaintiff's employer was Traditions Health & Rehabilitation, LLC.  She was not an employee of Ethica Healthcare.

1.       In response to the allegations in the first sentence of Paragraph 1, Defendant admits that Plaintiff's complaint is brought pursuant to 42 U.S.C. §§ 2000e et seq., but denies Defendant discriminated against Plaintiff in violation of that statute.   In response to the second sentence in Paragraph 1, Defendant states that it is an assertion of subject matter jurisdiction to which no response is required.   To the extent that a response is required, Defendant admits that 28 U.S.C. § 1331 confers subject matter jurisdiction upon this Court for the claims asserted by Plaintiff.

2.       In response to the allegations in the first sentence of Paragraph 2, Defendant admits that it conducts business in this judicial district. In response to the second sentence in Paragraph 2, Defendant denies any unlawful employment practices.

## ADMINISTRATIVE PROCEDURES

3.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

## PARTIES

5.       Defendant admits the allegations in Paragraph 5.

6.     Defendant admits the allegations in Paragraph 6.

7.     Defendant admits the allegations in Paragraph 7.

8.     In response to the allegations in Paragraph 8, Defendant only admits that Plaintiff was employed by Defendant.  Defendant denies all remaining allegations in Paragraph 8.

9.     In response to the allegations in Paragraph 9, Defendant only admits that Defendant is a domestic profit corporation engaged in an industry affecting commerce and employed fifteen or more employees. Defendant denies all remaining allegations in Paragraph 9.

## FACTUAL ALLEGATIONS

10.     Defendant admits the allegations in Paragraph 10.

11.     In response to the allegations in Paragraph 11, Defendant only admits that Plaintiff informed Defendant she was pregnant in September 2018.

12.     In response to the allegations in Paragraph 12, Defendant only admits that Plaintiff informed Defendant in November of 2018 that her physician had placed restrictions on what she could do at work.

13.     Defendant admits the allegations in Paragraph 13.

14.    In response to the allegations in Paragraph 14, Defendant only admits that Vinette Walker contacted Paula Paul to see if there was somewhere else in the facility that Plaintiff could work. Paul contacted multiple departments, but none had any jobs that would fit within Plaintiff's restrictions. Defendant denies all remaining allegations in Paragraph 14.

15.    Defendant denies the allegations in Paragraph 15.

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

## COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT/ TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.    In response to the allegations in Paragraph 21, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 20 above, as if fully stated herein.

22.     Paragraph 22 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 23.

24.     Paragraph 24 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 25.

26.     Paragraph 26 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 26.

## <u>COUNT II</u>: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.     In response to the allegations in Paragraph 27, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 26 above, as if fully stated herein.

28.     In response to the allegations in Paragraph 28, Defendant admits only that the Pregnancy Discrimination Act amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."  Defendant denies that is discriminated against Plaintiff and denied the remaining allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 30.

31.     Paragraph 31 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 31.

32.     Paragraph 32 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 32.

33.     Paragraph 33 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 33.

## COUNT III: RETALIATION IN VILATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34.     In response to the allegations in Paragraph 34, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 33 above, as if fully stated herein.

35.     Paragraph 35 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 36.

37.     Paragraph 37 contains legal conclusions that require neither an admission nor a denial by Defendant.  To the degree a response is required, Defendant admits the allegations in Paragraph 37.

38.     Defendant denies any and all allegations in the Complaint except such allegations that are admitted in its responses set forth in Paragraphs 1 through 37 above.

## PRAYER FOR RELIEF

39.     Defendant denies any and all allegations which may be contained under Plaintiff's prayer for relief, including subparagraphs (a) through (i), and further denies that Plaintiff is entitled to the relief prayed for or to any other relief.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant would have taken the same actions without regard for Plaintiff's gender and/or alleged protected activities.

### FIFTH DEFENSE

The actions of Defendant with respect to Plaintiff's employment were premised upon legitimate, non-discriminatory reasons.

### SIXTH DEFENSE

To the extent that Plaintiff alleges acts or omissions that occurred more than 180 days prior to the date on which her Charge of Discrimination was received by the EEOC, her claims are barred by the applicable statutes of limitations.

### SEVENTH DEFENSE

Defendant cannot be held liable for acts of its employees that it neither participated in, nor authorized, nor ratified.

### EIGHTH DEFENSE

Plaintiff has suffered no compensable damages.

## NINTH DEFENSE

Plaintiff has failed to mitigate any damages that she may have suffered.

## TENTH DEFENSE

Plaintiff is not entitled to compensatory or punitive damages arising from her claims because Defendant did not intentionally discriminate or act with malice or reckless disregard for Plaintiff's federally protected rights, regardless of the ultimate lawfulness of its actions.

## ELEVENTH DEFENSE

Plaintiff's claims under Title VII for compensatory and punitive damages are limited to the amounts authorized by 42 U.S.C. § 1981a(b)(1).

## TWELFTH DEFENSE

Plaintiff is not entitled to injunctive, equitable or declaratory relief, since Defendant's actions were premised upon legitimate non-discriminatory reasons.

## THIRTEENTH DEFENSE

Plaintiff cannot establish a prima facie case of gender or pregnancy discrimination.

10

## FOURTEENTH DEFENSE

Defendant's employment decisions regarding Plaintiff were based on reasonable factors other than gender or alleged protected activities.

## FIFTEENTH DEFENSE

Plaintiff was discharged from Defendant's employ for legitimate business reasons.

## SIXTEENTH DEFENSE

Plaintiff was an at-will employee of Defendant, and Defendant had the right to terminate her employment at any time for any reason.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to back pay or front pay to the extent she has been employed since her termination.

## EIGHTEENTH DEFENSE

Defendant did not violate any legal duty owed to Plaintiff.

## NINETEENTH DEFENSE

Defendant acted in good faith.

## TWENTIETH DEFENSE

Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests that:

(a)     The Complaint be dismissed;

(b)     Judgment be entered for Defendant;

(c)     Plaintiff take nothing;

(d)     Defendant be awarded its costs in defending this matter; and

(e)     Defendant be awarded such other and further relief as this Court deems proper.

*** Signatures Follow on Next Page ***

Respectfully submitted this 19th day of November, 2019.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ W. Jonathan Martin II
W. JONATHAN MARTIN II
Georgia Bar No. 474590
E. GRAHAM NEWSOME
Georgia Bar No. 815149

577 Mulberry St., Suite 710
PO Box 1975
Macon, GA 31202
(478) 750-8600
jmartin@constangy.com
enewsome@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Calvin W. Blackburn III
BARRETT & FARAHANY
1100 Peachtree St., N.E.
Suite 500
Atlanta, GA 30309
calvin@justiceatwork.com

This 19th day of November, 2019.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ W. Jonathan Martin II
W. JONATHAN MARTIN II
Georgia Bar No. 474590

577 Mulberry St., Suite 710
PO Box 1975
Macon, GA 31202
(478) 750-8600
jmartin@constangy.com

14